IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONNIE CLARK WILLIAMS, JR., | | |
| Plaintiff, | No. CIV S-11-1532 MCE DAD P | |
| vs. | | |
| JOHNNY WILLIE, et al., | | |
| Defendants. | FINDINGS AND RECOMMENDATIONS | |
| _____/ | | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  On February 13, 2012, the court ordered plaintiff to provide information as to whether she[1] has been assigned other prisoner identification numbers by the California Department of Corrections and Rehabilitation (CDCR), whether plaintiff has previously brought other lawsuits while a prisoner, and whether any prior applications to proceed in forma pauperis have been denied by the court pursuant to 28 U.S.C. § 1915(g).  In response to the court's order, plaintiff indicates that she has used two CDCR prison identification numbers:  K-52702 and T-54378. Plaintiff also provides a more exhaustive list of previous lawsuits she has filed and indicates that

---

[1] Plaintiff is transsexual and prefers to be referred to as female.

1

1 two of those lawsuits have been dismissed for failure to state a claim or as frivolous.  She
2 identifies those cases as:  Williams v. Andrews, Case No. 1:01-cv-6222-REC HGB (PC) and
3 Williams v. Wood, Case No. 1:01-cv-6151-REC-LJO (PC).  (Doc. No. 13 at 5-6.)

The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.  The statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Where a court denies a prisoner's application to file an action without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Here, court records reveal that despite plaintiff's representations to the contrary, she has accumulated at least three strikes in the United States District Court for the Eastern

/////
/////
/////
/////

District of California alone.[2]  Those cases include:  Williams v. Corcoran State Prison, No. CIV F-01-5926 AWI HGB (E.D. Cal.) (dismissed on January 29, 2002 for failure to state a claim); Williams v. Wood, No. CIV F-01-6151 REC LJO (E.D. Cal.) (dismissed on February 28, 2002 for failure to state a claim); Williams v. Rendon, No. CIV F-01-5891 AWI SMS (E.D. Cal.) (dismissed on August 16, 2002 for failure to state a claim).

There is an exception to the three-strike bar of § 1915(g) which allows a prisoner to proceed with a civil action despite three prior qualifying dismissals where the prisoner is under imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007).  However, the imminent danger exception applies only "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  Andrews, 493 F.3d at 1055 (emphasis added).  In the complaint filed in this action, plaintiff alleges that she has been subjected to verbal abuse, threats of lock-up, unlawful photocopying of her legal documents, and health risks when correctional officer defendant Troung has attempted to poison her food with arsenic.  The allegations with respect to verbal abuse, threats of placement in lock-up and photocopying of legal documents fail to meet the imminent danger exception.  As for the alleged poisoning, U.S. Magistrate Judge John F. Moulds recognized in one of plaintiff's many cases filed with this court, that she has been alleging arsenic poisoning since 2006 and the plausibility of her claims in this regard are belied by the fact that plaintiff remains alive today despite alleged arsenic poisoning for more than five years by dozens of prison officials.  See Williams v. Murray, Case No. CIV 11-0069 MCE JFM P (E.D. Cal.), Order filed June 10, 2011 (Doc. No. 9), at 3 (denying plaintiff's motion for reconsideration of an order finding that § 1915(g) barred plaintiff from proceeding in forma pauperis).  The undersigned agrees with the observations of Magistrate Judge Moulds and finds that the

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

imminent danger exception under § 1915(g) is not available to plaintiff in this case in light of the implausibility of her allegations regarding the danger posed to plaintiff.

Accordingly, under these circumstances, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied and that this action be dismissed, unless plaintiff pays the full statutory filing fee within the twenty-one-day deadline to file objections to these findings and recommendations.

## CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 8, 2011 motion to proceed in forma pauperis (Doc. No. 8) be denied; and

2. This action be dismissed without prejudice, unless plaintiff pays the full statutory filing fee by the deadline for the filing of objections to these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will1532.56